UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.    20-20792 (JJT) |
| ) | |
| EDITH L. MENDEZ-RODRIGUEZ, ) | |
| DEBTOR. ) | CHAPTER    7 |
| ) | |
| STATE OF CONNECTICUT, ) | |
| DEPARTMENT OF LABOR, ) | ADV. PRO. NO.    20-02024 (JJT) |
| PLAINTIFF ) | |
| ) | |
| V. ) | RE: ECF NOS.    1, 5, 13, 14, 26, 31 |
| ) | |
| EDITH L. MENDEZ-RODRIGUEZ, ) | |
| DEFENDANT. ) | |
| ) | |

**MEMORANDUM OF DECISION
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.  INTRODUCTION

Before the Court is a Motion for Summary Judgment (the "Motion") that was filed on January 26, 2021, by the Connecticut Department of Labor (the "Plaintiff" or "CTDOL"), which seeks a determination from this Court that certain unemployment benefit payments made to Edith L. Mendez-Rodriguez (the "Defendant"), and the corresponding penalties, be deemed non-dischargeable pursuant to 11 U.S.C. § 523. By way of background, the Defendant filed a petition for bankruptcy protection under Chapter 7 of the United State Bankruptcy Code on June 15, 2020. *See* Main Case, Case No. 20-20792. At that time, the Defendant was represented by counsel, Attorney David Feliu, although she now appears *pro se* in these proceedings. According to the Debtor's Schedule E/F, the vast majority of the Debtor's scheduled unsecured debt, approximately 98 percent or $29,468.32, is accounted for by the claim held by the Plaintiff.

The Plaintiff commenced this Adversary Proceeding on September 17, 2020, against the Defendant by filing a two-count complaint (the "Complaint") seeking a judgment in the amount of $20,696.33, plus statutory interest at a rate of 1% per month from the date of payment to the Defendant, for overpayments made to her, in addition to a determination that the total amount of overpayments be deemed non-dischargeable pursuant to 11 U.S.C. § 523.[1] Specifically, the Complaint alleges that the Defendant, either through false representation or, in the alternative, through actual fraud, obtained unemployment benefits from the Plaintiff and, therefore, the resulting debt claimed by the Plaintiff should be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

The Defendant filed an answer on October 16, 2020 (*see* ECF No. 5), wherein she admits that "she collected unemployment benefit[s] during the time period the Plaintiff alleges . . . [but denies] that she collected unemployment benefits while still employed." *Id*., p. 2.  As it relates to the present Motion, the Defendant failed to file a formal response. She did, however, file a Motion to Extend Time (ECF No. 24), which the Court conditionally granted, provided that she file an affidavit in support of her motion consistent with the requirements set forth in District of Connecticut Local Rule 7(b). *See* ECF No. 26.

Despite the conditional approval of her request, the Defendant failed to file a responsive affidavit explaining why additional time was warranted. Instead, the Defendant filed an affidavit that more or less reasserted the general denial previously put forward in her Answer, but with one notable embellishment: the Defendant asserted (in controversion to the Plaintiff's Local Rule 56(a)1 Statement of Undisputed Material Facts) that she was essentially the victim of identity

---

[1] The Plaintiff also seeks a judgment in the amount of $4,071 for administrative penalties that were assessed against the Defendant, and likewise seeks a determination that those penalties be deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

theft and that, while she applied for unemployment benefits during the general period alleged in the Complaint, she did not apply for the specific benefits that the Plaintiff has identified as being obtained through misrepresentation or some form of fraud.[2] *See* ECF No. 31. In light of the general policy of being solicitous of pro se parties, *see Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009) (*citing to Weixel v. Bd. of Educ.*, 287 F.3d 138, 141–42 (2d Cir.2002) (recognizing that the Second Circuit promotes standards of procedural leniency with respect to *pro se* litigants); the Court will treat the Defendant's affidavit as a Local 56(a)2 Counter Statement of Undisputed Material Facts.[3] After a review of the Motion, the papers filed in support thereof, the docket and the otherwise undisputed facts of this case, the Court hereby DENIES summary judgment for the Plaintiff on both counts of the Complaint for the reasons stated herein.

II.     JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Pursuant to D. Conn. Local R. 56(a)1: "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact."

[3] Because the Court construes the Defendant's affidavit as a Local Rule 56(a)2 Counter Statement, and because the Defendant has disputed only certain factual allegations in the Plaintiff's Local Rule 56(a)1 Statement (*see* ¶ 6), the Court hereby deems the balance of the Plaintiff's Local R. 56(a)1 Statement admitted. The Court further notes that the Plaintiff has not filed any papers pursuant to Fed. R. Civ. P. 56(c)(4) challenging the alleged facts advanced in the Defendant's affidavit.

III.   BACKGROUND

Based on the Plaintiff's Local Rule 56(a)1 Statement of Uncontested Material Facts (ECF No. 14, "Pl. SMF"), the affidavit of Tonya Keith-West (the "Keith-West Affidavit")[4] and exhibits submitted by the Plaintiff in support of its Motion, as well as the admissions made by the Defendant in her Answer, the Court, nonetheless, finds the following material facts to be undisputed and makes the following enumerated findings for the purposes of the present Motion, for trial, and for the entry of an Order pursuant to Fed. R. Civ. P. 56(g) establishing the undisputed facts of the case:[5]

1. At various times between 2010 and 2015 (the "Relevant Period") the Debtor filed unemployment compensation claims with the Plaintiff. Pl. SMF, ¶ 1; Answer, p. 2.

2. The Defendant listed her employer during the Relevant Period as First Student Management, LLC. Pl. SMF, ¶ 2.

3. At various times throughout the Relevant Period the CTDOL mailed the Defendant a Benefits Rights Information Booklet ("BRI"),[6] which informed the Defendant of the general eligibility requirements for receiving benefits, including the requirement that the Defendant must report gross earnings when filing a weekly benefit claim through the automated Voice Response Unit ("VRU") and that Defendant may still be entitled to

---

[4] Tonya Keith-West is a Resource Associate in the Plaintiff's Benefit Control Unit. She was responsible for handling and reviewing the contents of the Debtor's benefit file in order to verify its accuracy. Keith-West Affidavit, ¶ 3.
[5] Federal Rule of Civil Procedure Rule 56(g), made applicable through Federal Rule of Bankruptcy Procedure 7056, provides that "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." "The purpose of [the rule] is twofold: to salvage some of the judicial effort involved in the denial of a motion for summary judgment and to streamline the litigation process by narrowing the triable issues." *In re Bak*, No. 10-23045 ASD, 2013 WL 653073, at *3 (D. Conn. Bankr. 2013) (citation omitted).
[6] The DOL mailed the Debtor a BRI on June 12, 2009, June 15, 2010, July 01, 2011, July 6, 2012, June 27, 2013 and June 25, 2014. Pl. SMF, ¶ 3; Keith-West Affidavit, ¶ 7.

   Partial Unemployment Compensation if she earned wages from part-time employment. Pl. SMF, ¶ 3; *see also* Keith-West Affidavit, ¶¶ 7–8.

4. For each week that a claim for unemployment benefits was filed with CTDOL, a call was made under the Defendant's benefit file to the automated phone system maintained by CTDOL where six eligibility questions were answered by pressing the appropriate keys on her telephone keypad. Those answers were recorded and maintained in the Defendant's benefits file.[7] Pl. SMF, ¶¶ 5–6; Keith-West Affidavit, ¶ 9.

5. At various points during the Relevant Period, it was represented to CTDOL, through the applications for unemployment compensation, that the Defendant had been laid off from her employment at First Student Management, LLC, due to lack of work. Keith-West Affidavit, ¶ 5.

6. In reliance upon the statements and information provided in the application, CTDOL paid Unemployment Compensation benefits on account of the Defendant. *Id.*, ¶ 6.

7. CTDOL, upon conducting an investigation and audit of the unemployment benefits believed paid to the Defendant during the Relevant Period, found that the Defendant allegedly received a total of $14,951 in benefits to which she was not entitled. *Id.*, ¶¶ 14–15.[8]

8. As part of its investigation, CTDOL obtained a history of wages paid to the Defendant during the Relevant Period from First Student Management, LLC. *Id.*, ¶ 14.

---

[7] According to the Keith-West Affidavit, ¶ 8, one of the questions asked as part of the VRU claims process is: "Did you work this week? If you answered Yes, was the work full-time, part-time or self-employment? If it was self-employment, provide gross hours and gross earnings. If you worked part-time, provide employer name, number of hours and gross earnings."

[8] The Court notes that while the Complaint asserts that $20,696.33 is owed due to overpayment, the evidence in the record supports the amounts described herein. Specifically, the Keith-West Affidavit, which is dated January 21, 2021, asserts that the amount of the debt due and owing due to overpayment is $14,951. Keith-West Affidavit, ¶ 15.

9. The wage history provided by First Student Management, LLC indicated that during the Relevant Period, the Defendant worked and earned wages during weeks that applications for benefits to CTDOL were filed.[9] *Id*.

10. As a result, CTDOL also imposed penalties in the total amount of $7,477 pursuant to Conn. Gen. Stat. 31-273(b)(2).[10] *Id*., ¶ 15.

11. CTDOL notified the Defendant of the overpayments and penalties that had been assessed against her during the Relevant Period by letter dated February 13, 2019. *Id*., at ¶ 27; Pl. SMF, ¶ 8. In response to that overpayment notice, the Defendant filed a protest and requested a hearing. Pl. SMF, ¶8; Keith-West Affidavit, ¶¶ 28–29.

12. CTDOL conducted an administrative hearing by telephone with the Defendant on March 22, 2019, after which it affirmed its prior assessment by issuing a final determination dated April 26, 2019, stating that the evidence demonstrated that the Defendant had intentionally withheld material information or that she had made representations in the course of filing for benefits that she knew were false in order to obtain or increase the amount of benefits she received. Pl. SMF, ¶¶ 9–10; Keith-West Affidavit, ¶¶ 29–31; s*ee also* Motion, Ex. 3.

13. The notice advising the Defendant of CTDOL's final determination also advised her of her right to appeal. The Defendant did not appeal CTDOL's final determination. Pl. SMF, ¶ 10; Keith-West Affidavit, ¶ 31.

---

[9] According to the record, the periods of ineligibility span: June 5, 2010 through June 12, 2010; September 4, 2010 through January 15, 2011; August 20, 2011 through June 9, 2012; September 1, 2012 through February 2, 2013; June 29, 2013 through February 15, 2014; and August 30, 2014 through February 21, 2015. Complaint, ¶ 3; *see also* Keith-West Affidavit, ¶¶ 16–26.

[10] As with the amount attributed to overpayments, the Court notes that while the Complaint asserts one figure for administrative penalties, the evidence in the record supports a different amount. Keith-West Affidavit, ¶ 15. (debt due and owing due to administrative penalties is $7,477).

IV.   DISCUSSION

Federal Rule of Civil Procedure 56, which is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). At the summary judgment stage, the moving party must show that there are no material issues of fact, and the court must consider all facts in the light most favorable to the non-moving party. *Conn. Ironworkers Emp'rs Ass'n v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98–99 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1547 (2018) (*citing Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456, (1992)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Through the Complaint, the CTDOL seeks a determination that certain allegedly overpaid unemployment compensation benefits are a non-dischargeable debt pursuant to Bankruptcy Code § 523(a)(2)(A) because "the Defendant knowingly and intentional[ly] and with an actual intent to obtain funds by deceit did obtain unemployment compensation benefits from the Plaintiff by means of false representations and/or actual fraud . . . ." Complaint, pp. 2–3. The Court, in considering whether this claim could be determined on a motion for summary judgment on the present record, notes that in order to succeed on a cause of action alleging either false representation or actual fraud under § 523(a)(2)(A), the Plaintiff must prove subjective intent.[11]

---

[11] In order to succeed on a claim of false representation under 11 U.S.C. § 523(a)(2)(A), "a creditor must establish [by a preponderance of the evidence] the following elements: (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representations; and (5) the creditor sustained the alleged loss and damage as the proximate

7

In her affidavit, the Defendant's claim that she only filed unemployment claims during periods that she believed she was eligible and that she is the victim of identity fraud. At least at this stage in the proceeding and under the present circumstances, this presents a genuine issue of material fact for trial.

While the Defendant has now twice filed objectively barebone denials and/or special defenses, the Court's determination is largely based upon the Plaintiff's primary contention, which requires evidence of an intent to defraud, and therefore falls within the category of cases which, more often than not (or at least under the present circumstances), is best left for trial. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also United States v. City of New York*, 717 F.3d 72, 82 (2d Cir. 2013) (*citing to Harlow* and noting that questions of intent rarely can be decided through summary judgment). Accordingly, because the Plaintiff's allegations turn on intent and therefore creates a genuine issue of material fact for trial, the Plaintiff's Motion for Summary Judgment is hereby DENIED.

V. CONCLUSION

For the reasons stated herein, this Court concludes that the relief sought at this stage is inappropriate and, therefore, DENIES the Motion for Summary Judgment. In light of the limited facts found here pursuant to Federal Rule of Civil Procedure 56(g) and District of Connecticut Local Rule 56, the Court will hold a trial on all remaining issues, with particular focus on the elements of the Plaintiff's claim for false representation and actual fraud, as well as the issues of

---

result of the representation having been made." *In re King*, No. 15-30773 (AMN), 2017 WL 1283445, at *2–3 (*citing In re Couloute*, 538 B.R. 184, 188 (Bankr. D. Conn. 2015)); *see* also *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (establishing that a preponderance of the evidence is the proper standard of proof for actions brought pursuant to 11 U.S.C. § 523(a)). By contrast, when the § 523(a)(2)(A) action relies on "actual fraud", a creditor must simply prove that "money, property, services, or an extension, renewal, or refinancing of credit" was obtained through some species of fraud that was accompanied by wrongful intent. *See Husky International Electronics, Inc. v. Ritz*, 136 S.Ct. 1581 (2016) (broadening the definition of "actual fraud" by removing the elements of false representation and subsequent reliance).

credibility and intent. The Court will set a status conference to determine a final pretrial schedule in order to advance this case to trial this summer.

**IT IS SO ORDERED** at Hartford, Connecticut this 24th day of June 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut